**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ENRIQUE R. BAUTISTA,<br><br>Petitioner - Appellant,<br><br>v.<br><br>MARK NOOTH, Superintendent, SRCI,<br><br>Respondent - Appellee. | No. 11-35542<br><br>D.C. No. 3:08-cv-00546-PK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted May 10, 2013[**]
Portland, Oregon

Before: KOZINSKI, Chief Judge, and BERZON and HURWITZ, Circuit Judges.

Petitioner Enrique R. Bautista ("Bautista") appeals from the district court's

denial of his 28 U.S.C. § 2254 habeas petition challenging his convictions for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

second degree assault on ineffective assistance of counsel ("IAC") grounds. We affirm.

**1.** The state postconviction court's ("PCR court") denial of Bautista's IAC claim was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Contrary to Bautista's assertion, the PCR court did not make factual findings relevant to his IAC claim. Rather, the challenged factual findings addressed a separate assault charge not related to the incident underlying this appeal.

**2.** Bautista's assertion that his trial counsel provided constitutionally ineffective assistance cannot surmount the "doubly deferential" standard of review applicable to such claims brought in a § 2254 petition. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). The Oregon Court of Appeals summarily affirmed the PCR court's denial of Bautista's IAC claim. Presuming—as we must—that the Oregon court adjudicated Bautista's claim on the merits, *see Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013), we conclude that there was a reasonable basis for denying Bautista's claim under both prongs of *Strickland v. Washington*, 466 U.S. 668 (1984).

Bautista's trial counsel made a reasonable tactical decision not to cross-examine Bautista's co-defendant, Jose Leon-Chavez ("Leon-Chavez"). We "give[]

2

great deference" to such "tactical decisions," *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000), particularly where, as here, it was "reasonably foreseeable" that Leon-Chavez would have provided "damaging testimony if cross-examined at trial." *Brown v. Uttecht*, 530 F.3d 1031, 1037 (9th Cir. 2008). At the time of the trial, Leon-Chavez had already given the police a statement inculpating Bautista, and nothing in his post-trial affidavit suggests that he would have contradicted that statement on cross-examination. *See Silva v. Woodford*, 279 F.3d 825, 852 (9th Cir. 2002). In light of the uncertainty surrounding what Leon-Chavez would have said if questioned, "[t]he state court could reasonably have concluded that counsel made a legitimate tactical decision." *Richter v. Harrington*, 643 F.3d 1238, 1240-41 (9th Cir. 2011).

Similarly, Bautista cannot show a "reasonable probability" that had his trial counsel cross-examined Leon-Chavez, "the result of the proceeding would have been different." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 694). It is unclear what Leon-Chavez would have said about the assaults had he been asked on cross-examination. And, even if Leon-Chavez had provided testimony favorable to Bautista, that testimony would have been contradicted by Leon-Chavez's earlier statement to police and the testimony of multiple eyewitnesses identifying Bautista as the assailant. The Oregon Court

3

of Appeals' decision was therefore reasonable under *Strickland*'s prejudice prong as well.

**AFFIRMED.**